IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN VAN CUREN,                                    No   C 09-3509 VRW

    Plaintiff,                                  ORDER

    v

FEDERAL CROP INSURANCE
CORPORATION and RISK MANAGEMENT
AGENCY,

    Defendants.
_____/

        Defendants Federal Crop Insurance Corporation ("FCIC") and Risk Management Agency ("RMA") (collectively "defendants") move to dismiss plaintiff John Van Curen's amended complaint under FRCP 12(b)(1), 12(b)(3) and 12(b)(6). Doc #22. The FCIC is a wholly-owned government corporation. RMA administers claims against the FCIC.

        Plaintiff's complaint alleges as follows:

        Plaintiff attempted, as trustee of the Michael Hat Farming Company's Chapter 11 estate, to resolve insurance claims through administrative actions. Plaintiff first submitted claims to a Nebraska state liquidation court ("liquidation court") in June 2005, and the claims were

eventually forwarded through RMA to the FCIC. Doc #18 at 5-6. In June 2008 plaintiff submitted amended claims for $4,826,274 to the liquidation court and RMA. Id at 7-8.

On August 19, 2008, the liquidation court entered an order denying the original claims and the amended claims. Id at 8. The court held: "The terms of this order are intended to constitute a denial of the Original Claims and the Amended Claims for all purposes of 7 USC § 1508(j)(2)(B)." Id at Ex P. The text of 7 USC § 1508(j)(2)(B) reads:

> Statute of limitations. A suit on the claim may be brought not later than 1 year after the date on which a final notice of denial of the claim is provided to the claimant.

Plaintiff thus understood that the statute of limitations on his claims began to run on August 19, 2008, even though RMA had not yet rendered a decision on his amended claims. Doc #18 at 10.

RMA did not resolve the amended claims prior to August 19, 2009, the date plaintiff believed the statute of limitations would expire. Id at 8. Plaintiff filed the instant lawsuit on July 30, 2009, prior to administrative resolution of his claims, because he feared his claims might otherwise be time barred under 7 USC § 1508(j)(2)(B). Id at 10.

Plaintiff's complaint asserts five claims: (i) violation of due process; (ii) violations of the Administrative Procedure Act, 5 USC §§ 701-706; (iii) mandamus under 28 USC § 1361 compelling RMA to act on the amended claims; (iv) damages under 7 USC § 400.96; and (v) breach of contract. Id at 10-16.

Defendants move to dismiss plaintiff's complaint for failure to state a claim and lack of subject matter jurisdiction, and in the alternative for improper venue. Doc #19. Shortly after the motion to dismiss was filed, RMA issued a decision on the

amended claims and outlined procedures for plaintiff to seek further administrative review. Doc #34-1 at 3. Plaintiff is currently pursuing mediation with RMA. Id.

The recent RMA decision renders plaintiff's first three claims moot; accordingly, the claims are DISMISSED.

The parties agree that the court need not presently consider the fourth and fifth claims; plaintiff asks that the fourth and fifth claims be "suspended and deferred," Doc #34 at 9, and defendant agrees that the fourth and fifth claims are "premature," Doc #37 at 8. The parties were unable to reach a stipulation regarding dismissal. Doc #38.

Plaintiff has raised a concern that the liquidation court's August 19th, 2008 order triggered the one year statute of limitations period in 7 USC § 1508(j)(2)(B). The interpretation of 7 USC § 1508(j)(2)(B) is not presently before the court, and the parties agree that plaintiff's remaining claims are not ripe for adjudication. Accordingly, the clerk is DIRECTED administratively to terminate all motions and close the file. The hearing scheduled for July 6, 2010 is VACATED. Plaintiff may, upon a showing of good cause, move to re-open the case.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

3